O’Gorman, J.
This is an appeal from a judgment in favor of the defendants, entered on a verdict rendered by direction of the court.
It appears on the evidence that the plaintiff, a lady over sixty-five years of age, while walking on Madison avenue, near Eighty-third street, in the night of January 33, 1883, stepped into some depression or against some obstacle on the highway and fell, receiving severe injuries. The night was dark and cold, and she was hastening to meet a horse car. The plaintiff was alone when the accident occurred, and was unable to fix, with any precision, the part of the avenue near Eighty-third street, where she fell. It was, she thought, twenty, thirty or forty feet from the corner. Neither is her memory clear as to the extent or nature of the defect in the flagging which caused her to fall. The flagging on this part of Madison avenue, at the time of the accident, covered only part of the sidewalk, and numerous witnesses testified that the flagging was, in some places, broken, and that there were depressions of the flags, which one witness testified was in two or three places as much as three to six inches deep. On the other hand, several members of the police force, who did duty on that part of the avenue, testified that there was nothing in the flagging thereto attract attention or require a report to their superior officers; that there was nothing there different from other sidewalks in the neighborhood ; that there was no depression of flags more than six inches—no hole in the flagging that was dangerous.
This action depends on proof that negligence on the part of the defendants, that is to say, want of such care as the law requires of them, was the cause of the disaster, and the burden of proving this is on the plaintiff. The law does *785 not impose on the defendants the responsibility of insuring the absolute safety of the sidewalks or flagging in use in the public streets, but requires of them only ordinary care and vigilance.
Regarding the evidence in this case in the light most favorable to the plaintiff, no proof that the plaintiff’s fall was caused by any want of such care and vigilance was presented at the trial. Her own testimony does not show which of the obstacles or impediments or defects, if any, existing in the flagging •caused her to fall. Even granting that there were on the streets there such defects which did evince want of proper care on the part of the defense, yet there is no evidence that it was one of these defects which caused the plaintiff’s fall. There was no evidence, properly so called, against the defendants to sustain a verdict for the plaintiff.
The judgment and order appealed from are affirmed, with costs.